IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.                                                    1:15-cr-00441-WSD

HORACE LEE HOLT,

Defendant.

OPINION AND ORDER

This matter is before the Court on Defendant Horace Lee Holt's

("Defendant") October 3, 2016, letter to the Court [23] (the "letter"), which the

Court construes as a Motion for Early Release from Prison (the "Motion for Early

Release").

I.     BACKGROUND

On June 15, 2016, Defendant was sentenced to eighteen (18) months

imprisonment with three (3) years of supervised release after pleading guilty to one

count of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C.

§ 922(g)(1).  On August 23, 2016, Defendant surrendered to begin service of his

sentence.  On October 3, 2016, the Court received Defendant's letter requesting

early release from prison.

In his letter, Defendant moves the Court to "please reconsider [him] for a [sic] early release" from prison so that he can "help raise [his] three kids and provide for them."  ([23] at 1).  Defendant requests that the Court place him "on probation or a halfway house for the remainder" of his term of incarceration. (Id. at 2).

## II.    DISCUSSION

The Court has jurisdiction to modify a term of imprisonment, after it has been imposed, only where expressly permitted by 18 U.S.C. § 3582.  United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010).  The Court lacks "inherent power" to re-sentence a defendant.  Id. at 1196–97.

> Section 3582 authorizes the modification of a sentence
>
> (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements; (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met.

Id. at 1195 (internal citation omitted) (citing 18 U.S.C. § 3582(c)).[1]

---

[1] Rule 35 authorizes a sentence modification "[w]ithin 14 days after sentencing" to correct "arithmetical, technical, or other clear error" or, on the government's motion, to account for certain "substantial assistance."  Fed. R. Crim. P. 35(a)–(b). Defendant's Motion for Early Release was filed more than 14 days after

Defendant has not argued, and the Court is unaware of, any basis on which

Defendant is entitled to or should be allowed early release from prison.

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Horace Lee Holt's Motion for

Early Release from Prison [23] is **DENIED**.


**SO ORDERED** this 5th day of October, 2016.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

Defendant's sentence was imposed, does not seek to correct "arithmetical, technical, or other clear error," was not filed by the government, and does not seek a reduction based on "substantial assistance."  See 18 U.S.C. § 3582(c); Fed. R. Crim. P. 35(a)–(b).